UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MLP TECHNOLOGY, INC., | ) | CASE NO. 5:13-cv-00909 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| LIFEMED ID, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendant LifeMed ID, Inc.'s Motion to Transfer Venue to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1400(b) and 1404(a).

I. Background

MLP Technology, Inc. brings a claim for patent infringement against LifeMed ID, Inc. ("LifeMed"). LifeMed has moved to transfer venue to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1400(b) and 1404(a).

II. Declaration of Ruth Skocic

In support of its response in opposition to the motion to transfer venue, Plaintiff MLP attaches the declarations of its Chief Executive Officer Ruth Skocic (Doc. 11-1) and Attorney Chandran B. Iyer (Doc. 11-2). LifeMed asserts that the Skocic declaration is defective as it is unsworn and "wholly comprised of inadmissible hearsay." Doc. 16 at 1. MLP then moved for leave to supplement the Skocic declaration with a replacement declaration (Doc. 15-2). The replacement declaration contains no substantive changes. Instead, the replacement declaration includes the previously missing "I declare under

1

penalty of perjury…." language. LifeMed does not object to the replacement of the declaration as it addresses the defective sworn statement language; LifeMed maintains its opposition to the replacement declaration, however, asserting that it still contains hearsay statements. Doc. 16 at 1.

Federal Rule of Civil Procedure 56(c)(4) states, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Federal Rule of Evidence 602 states in part, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

LifeMed objects to the Court considering paragraphs 9-15 of the Skocic declaration as the statements are based on inadmissible hearsay. These paragraphs contain information allegedly received by Skocic in her capacity as the CEO of MLP from two individuals who may be called as witnesses in this action. MLP essentially argues that the personal knowledge requirement does not apply here since the declaration is offered in support of the motion to transfer and not a motion for summary judgment under Fed. R. Civ. P. 56.

Although some courts have applied the personal knowledge requirement to motions other than summary judgment, others have determined that declarations or affidavits not meeting the personal knowledge requirement shall be given proper weight in their consideration rather than be ignored. *See Pixler v. Huff*, 2011 WL 5597327, at *4

(W.D. KY 2011) (The court will not consider any portions of an affidavit or declaration not based upon personal knowledge or containing inadmissible evidence when determining the issue of personal jurisdiction) *citing United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1277 (11th Cir. 2009) and *Cooper v. McDermott Int'l, Inc.*, 62 F.3d 395, at *5 (5th Cir. 1995); *but* s*ee General Electric Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc.*, 699 F.Supp. 907, 910 (N.D. GA. 1988) (in evaluating threshold challenges under Rule 12(b), "affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief ...."); *accord Buckley v. Robertson*, 1997 WL 33642373, at *4 (S.D. AL 1997) (venue); *Dirks v. Pioneer Financial Services, Inc.*, 1997 WL 587702, *1 (N.D. IL 1997) (Declining to strike portions of affidavit based on hearsay, lay opinion, speculation, and lack of foundation).

The Court will review Skocic's declaration and accord her statements with the weight that they deserve in observance of the principles of the Federal Rules of Evidence.  This Court, however, will not strike any portion of Skocic's declaration.  MLP is granted leave to file the replacement declaration of CEO Ruth E. Skocic.  The replacement declaration of Ruth Skocic (Doc. 15-2) is hereby deemed filed.

    III.    ANALYSIS

        A.  VENUE

LifeMed states that it lacks the minimum contacts with the State of Ohio for venue to be proper in the Northern District of Ohio.  Venue in patent cases is governed by 28 U.S.C. § 1400(b) which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has

3

committed acts of infringement and has a regular and established place of business." The general venue statute, 28 U.S.C. § 1391(c) and (d)[1], provides the definition of "resides" for purposes of the patent venue statute. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed.Cir.1990) cert. denied, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991)(analyzing former 28 U.S.C.A. § 1391(c)). A corporate defendant "resides" in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2). Venue may be proper in multiple judicial districts with a substantial connection to the claim. Furthermore, 28 U.S.C. § 1391(d) requires that a defendant be subject to personal jurisdiction in the specific district in which the suit was filed.

Accordingly, the Court must first decide whether LifeMed "resides" in the Northern District of Ohio for the purpose of determining whether venue is proper in this District. The law of the Federal Circuit governs this Court's determination whether the Northern District of Ohio is the proper venue as defined by 28 U.S.C. § 1391.

Determining whether a court may exercise personal jurisdiction over a defendant ordinarily requires a two-step inquiry: (1) whether the forum state's long-arm statute reaches the defendant; and (2) whether the exercise of jurisdiction comports with the federal constitutional principle of due process. *See Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998).

---

[1] 28 U.S.C.A. § 1391(c) formerly read: "(c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." This section was rewritten in 2011 and separated into section (c) and (d). *VE Holding Corp.* analyzed venue under former 28 U.S.C.A. § 1391(c). The 2011 amendment restructured section (c) but did not alter the substance of the statute and, therefore, the Court's analysis does not change.

4

1. Long-Arm Jurisdiction

The first issue is whether personal jurisdiction is proper under Ohio's long-arm statute, Ohio Revised Code §2307.382. In pertinent part, the statute provides that personal jurisdiction over a non-resident defendant exists as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the persons:

    (1) Transacting any business in the state;

    (2) Contracting to supply services or goods in this state;

    (3) Causing tortious injury by an act or omission in this state;

    (4) Causing tortious injury in this state by an act or omission outside the state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; * * *

    (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Ohio Rev.Code § 2307.382(A).

The long-arm statute explicitly provides under § 2307.382(A)(1) that transacting any business in Ohio is sufficient to establish personal jurisdiction over Defendant in this State. "The statute makes clear that '[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against' the non-resident defendant." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing O.R.C. § 2307.382(C)).

LifeMed argues that it is not subject to personal jurisdiction in Ohio because it has no connection to Ohio and did not conduct any business in Ohio. In support of its motion,

5

LifeMed attaches the declaration of David Batchelor ("Batchelor"), LifeMed's Chief Executive Officer. Notably, Batchelor states that LifeMed has had no contact with the state of Ohio, that all determinations regarding LifeMed's development, testing, marketing and research took place in California, and that no sales, business, advertisements, or employees were directed to Ohio.

In response, MLP asserts that LifeMed "resides" in the Northern District of Ohio for the purposes of venue because LifeMed: (1) offered the infringing products for sale in the Northern District of Ohio; (2) had a contract with a distributor "to establish a well-advertised distribution location in Ohio" (Doc. 11 at 5); and (3) negotiated with MLP in attempts to enter into a partnership regarding the patent at issue.

The Court agrees with MLP that Ohio's long arm statue reaches LifeMed. LifeMed contracted with Identification Solutions Group ("ISG"), an association of identification and security product distributors, for the purpose of distributing in Ohio the alleged infringing product. One of ISG's distributors, IdentiSys, Inc., offered to sell LifeMed's product in Ohio as late as June of 2013.  Moreover, LifeMed negotiated with MLP regarding a partnership; through those negotiations, LifeMed learned of the patent at issue in this litigation.  Although those negotiations fell through, this Court believes that through its negotiations with MLP and by contracting with ISG to sell its product in Ohio, there is a good faith argument that LifeMed transacted business in Ohio and is, therefore, subject to suit in the Northern District of Ohio under Ohio's long arm jurisdiction.

    2.    Constitutional Due Process

6

Next, this Court must determine whether the exercise of jurisdiction comports with the federal constitutional principle of due process.  As stated by the Sixth Circuit in *Miller v. AXA Winterthur Ins. Co.*: "For specific jurisdiction to exist, the defendant must have certain minimum contacts with the forum state." 694 F.3d 675, 679-680. The Court further reiterated the "three-part test for recognizing due process in personal jurisdiction cases:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

If any of the three requirements is not met, personal jurisdiction may not be invoked." *Id.* at 680 (internal citations omitted).  Even if LifeMed's contract with ISG and negotiations with MSP is enough to satisfy Ohio's long-arm statute, the subsequent due process requirement of personal jurisdiction is not met. *See Miller*, 694 F.3d 675.

Here, LifeMed negotiated with MLP regarding a partnership, yet no agreement was ever reached between the parties. Additionally, LifeMed contracted with ISG regarding advertising and sales of LifeMed's products, through IdentiSys, ISG offered the products for sale in Ohio. There is no evidence, however, that any sales took place.

In *Miller*, the defendant sent a letter to plaintiff's representative in the Michigan and reached an agreement with defendant while neither party was located in the Michigan. 694 F.3d at 681.  The Court looked to several other cases when determining that defendant's contacts with forum state were "so attenuated that they could not demonstrate purposeful availment" of the state. *Id*. at 680 (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l. Ins. Co.*, 91 F.3d 790, 795-796 (6th Cir. 1996)) (due process was not

7

satisfied even though defendant "sent a letter to Nationwide's corporate headquarters in Ohio, entered into an agreement with Nationwide, sent an agent to Ohio, solicited business from Nationwide in Ohio, and realized profits from its contacts with Ohio."); *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989) (defendant's phone calls and use of the mail system to communicate with plaintiff in the forum state, along with an existing contract between the parties (which the court found did not qualify as an ongoing business relationship), are not sufficient to satisfy due process in the forum state); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722–24 (6th Cir.2000) ("a contract was not sufficient to satisfy due process when none of the terms of the contract was to be performed in the forum state; the fact that a contract existed between the parties but in no way implicated action in the forum state was merely fortuitous.") (citation omitted).

Accordingly, the Court finds that even if LifeMed contracted with third party to facilitate sales of the allegedly infringing product and negotiated with MLP, but never entered into a contract with MLP, these acts are so attenuated that they do not demonstrate purposeful availment of Ohio laws.

### B. TRANSFER OF VENUE

In the alternative, LifeMed requests a transfer of venue pursuant to 28 U.S.C. § 1404 to the United States District Court for the Eastern District of California. LifeMed argues that California is a more convenient forum than the Northern District of Ohio. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." The Sixth Circuit has summarized 28 U.S.C. § 1404(a) to mean that a court should "consider the private interests of the parties,

including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice.' " *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

The purpose of section 1404(a), however, is to transfer actions brought in a permissible yet inconvenient forum. *Martin v. Stokes,* 623 F.2d 469, 471 (6th Cir. 1980). "[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.,* 8 F.3d 325, 329 (6th Cir. 1993). As discussed above, this Court does not have personal jurisdiction over LifeMed and may not transfer this matter pursuant to section 1404. That does not, however, end the inquiry.

28 U.S.C. § 1406 applies to actions that are brought in an impermissible forum. A "district court need not have personal jurisdiction over defendants before transferring pursuant to this section." *Jackson v. L & F Martin Landscape*, 421 Fed.Appx. 482 (6th Cir. 2009) citing *Martin*, 623 F.2d at 471, 474. Section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

LifeMed represents that California has jurisdiction over it and that venue is proper there. MLP does not dispute that California has jurisdiction over LifeMed, but as set forth above, argues that Ohio does as well. Having found that this Court does not have personal jurisdiction over LifeMed, the Court finds that transferring this case to the United States District Court for the Eastern District of California rather than dismissing it

9

would contribute to the "expeditious and orderly adjudication" of this case on its merits, which is certainly in the interest of justice. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (approving transfer of venue under § 1406(a) where transferor court lacked jurisdiction over defendants and venue was appropriate in transferee court). Accordingly, this matter is transferred to the United States District Court for the Eastern District of California.

IV. CONCLUSION

For the foregoing reasons, Plaintiff MLP Technology, Inc.'s motion to submit the replacement declaration of Ruth Skocic is GRANTED, Defendant LifeMed ID, Inc.'s Motion to Transfer Venue is GRANTED. This matter is hereby transferred to the United States District Court for the Eastern District of California.


IT IS SO ORDERED.


  December 3, 2013                                     /s/Judge John R. Adams
Date                                                  JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT COURT