UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLP TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIFEMED ID, INC., <br><br> Defendant. | No. 2:13-cv-02524 JAM-CKD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO RETRANSFER** |

This matter is before the Court on Plaintiff MLP Technology, Inc.'s ("Plaintiff") Motion to Retransfer Venue to the Northern District of Ohio (Doc. #27). Defendant LifeMed ID, Inc. ("Defendant") opposes the motion (Doc. #37) and Plaintiff replied (Doc. #42).[1]  For the following reasons, Plaintiff's motion is granted.

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on April 23, 2013, in

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 5, 2014.

1

1 the United States District Court for the Northern District of
2 Ohio ("the Ohio court") (Doc. #1). In the complaint, Plaintiff
3 alleges that Defendant infringed on its United States Patent No.
4 8,234,125. Id. ¶ 1.
5     On May 31, 2013, Defendant moved to transfer venue to the
6 United States District Court for the Eastern District of
7 California pursuant to 28 U.S.C. § 1400(b) and § 1404(a) (Doc.
8 #10). It argued that jurisdiction and venue were improper in the
9 Northern District of Ohio because it is a corporation organized
10 and existing under the laws of California and it lacks the
11 necessary minimum contacts with Ohio. Id. On December 3, 2013,
12 the Ohio court granted Defendant's motion to transfer for lack of
13 personal jurisdiction (Doc. #20). On December 23, 2013, after
14 the case was transferred to this Court, Plaintiff moved to
15 retransfer to the Northern District of Ohio (Doc. #27).
16
17                           II.    OPINION
18     A.   Appropriate Motion
19     Plaintiff argues that this case should be retransferred to
20 the Northern District of Ohio because the transfer was clearly
21 erroneous. Defendant argues that the review of the Ohio court's
22 order to transfer is improper because Plaintiff failed to file a
23 timely motion for reconsideration, it failed to file a timely
24 writ of mandamus, and this issue cannot be relitigated.
25     Transfer orders are reviewable only in the circuit of the
26 transferor district court. Posnanski v. Gibney, 421 F.3d 977,
27 980 (9th Cir. 2005). However, "[a] party . . . is not without
28 any recourse. He may move in the transferee court to retransfer

the action to the transferor court and the denial of that motion is reviewable in the transferee circuit." Id. at 980-81. A court may retransfer a case "when a clear error has been committed or when it is necessary to prevent manifest injustice." Pac. Coast Marine Windshields v. Malibu Boats, 1:11-CV-01594-LJO, 2011 WL 6046308, at *2 (E.D. Cal. Dec. 5, 2011)(citing Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)). Therefore, despite Defendant's contention, the Court finds that it may review the Ohio court's order to transfer even though Plaintiff failed to timely file a motion for reconsideration or a writ of mandamus.

    B.   Applicable Law

    Plaintiff argues that the transferring court clearly erred because Federal Circuit Law, not Sixth Circuit law, governs personal jurisdiction analyses in patent infringement actions. Defendant argues that the Ohio court properly applied Sixth Circuit law in deciding the motion to transfer.

    In a patent infringement case, Federal Circuit law controls whether the exercise of personal jurisdiction over an out-of-state infringer is consistent with due process. Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995). Defendant cites In re Vistaprint Ltd., 628 F.3d 1342, 1344 (Fed. Cir. 2010), for the proposition that "the Federal Circuit has held that where a petition does not raise issues unique to its jurisdiction, then the law of the regional circuit in which the district court sits should be applied." Opp. at 5. However, Vistaprint does not apply in this situation. In Vistaprint, the Federal Circuit was determining whether a venue was clearly more convenient pursuant to 28 U.S.C. § 1404 not whether personal jurisdiction exists.

3

Accordingly, Federal Circuit law applies not Sixth Circuit law. See e.g., Schwanger v. Munchkin, Inc., 217 F.3d 854 (Fed. Cir. 1999) ("The district court in this case erroneously applied Sixth Circuit law in its federal due process analysis, resulting in an alternate ground of dismissal for lack of personal jurisdiction.")

    C.    Personal Jurisdiction

As a result, the critical inquiry in this case is whether the Ohio court's order to transfer this case for lack of personal jurisdiction was clearly erroneous or manifestly unjust under Federal Circuit law. Determining whether a court may exercise personal jurisdiction over a defendant ordinarily requires a two-step inquiry: (1) whether the forum state's long-arm statute reaches the defendant; and (2) whether the exercise of jurisdiction comports with the federal constitutional principle of due process. See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). Plaintiff only seeks reconsideration of the Ohio court's federal due process determination. Defendant fails to address this argument in its opposition to this motion.

The Federal Circuit has established a three-part test to determine personal jurisdiction under federal due process: "(1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." 3D Sys., Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1378 (Fed. Cir. 1998)(citing Akro, 45 F.3d at 1545-46).

4

1. Purposeful Availment

Under the first prong, the Ohio court found that Defendant contracted with a third party to facilitate sales of the allegedly infringing product in Ohio, and Defendant negotiated with Plaintiff but never entered into a contract with Plaintiff. Thus, the Ohio court held that "these acts are so attenuated that they do not demonstrate purposeful availment of Ohio laws." Order Granting Defendant's Motion to Transfer Venue, Doc. #20, at 8. Plaintiff argues that these activities are sufficient to satisfy the first prong of the Federal Circuit's due process test, relying on 3D System, Inc. v. Aarotech Labs., Inc., 160 F.3d 1373 (Fed. Cir. 1998).

In 3D System, the Federal Circuit found that the first prong was satisfied for one of the out-of-state defendants because the defendant sent eight promotional letters containing price quotations and descriptions of its merchandise to four California companies, solicited orders for models, sent videos and sample parts, issued price quotations to California residents, responded to e-mail requests and purchased parts for its equipment in California. Id. at 1378.

Similarly, in this case, Defendant offered to sell infringing products in Ohio through an established distribution network and they negotiated with Plaintiff, which resides in Ohio. Therefore, this Court finds that Defendant's activities have been purposefully directed at Ohio and, therefore, the first prong of the due process test has been satisfied.

2. Related Activities

Under the second prong, Plaintiff's claim must arise out of

5

or relate to Defendant's activities in the forum. "The proper test for 'giving rise' to a cause of action is not whether the activity in the forum state was the exclusive ground of the plaintiff's complaint against the defendant. Rather, the test is whether the activity in the forum state is *a* basis for the cause of action." HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 n.4 (Fed. Cir. 1999). The offers to sell form a basis for the cause of action in this case. Under 35 U.S.C. § 271(a), an offer to sell an infringing product is an act of infringement. 35 U.S.C. § 271(a); see 3D Systems, 160 F.3d at 1379 (holding that an offer to sell exists under the patent statute if the communication contains both (1) the description of the product, and (2) a price at which it can be purchased).

Therefore, here, by promoting and offering the infringing product for sale in Ohio in direct competition with Plaintiff, Defendant has caused and continues to cause commercial injury to Plaintiff within Ohio. In addition, as Plaintiff argues, Defendant became aware of Plaintiff's patent through the failed negotiations. Accordingly, Plaintiff's claim arises out of Defendant's offers to sell and the negotiations.

### 3. Reasonable and Fair

Under the third prong, "where personal jurisdiction has been shown to otherwise comport with due process, the defendant may yet defeat it on constitutional grounds if he can make a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Akro Corp. v. Luker, 45 F.3d at 1549 (citations and internal quotation marks omitted). In its opposition, Defendant did not attempt to make a compelling

6

Case: 5:14-cv-00683-JRA Doc #: 44 Filed: 03/14/14 7 of 8. PageID #: 367

case that personal jurisdiction would be unreasonable. Therefore, Defendant has not met its burden.

Because all three parts of the federal due process test are met, Defendant is subject to personal jurisdiction in Ohio. Accordingly, the Court finds that the decision to transfer was clearly erroneous.

### D. Manifest Injustice

Plaintiff also argues that the transfer order "works a manifest injustice to MLP by requiring it to litigate its patent infringement claim in a distant forum that has one of the largest caseloads of any federal district in the country." Mot. at 9. Defendant does not address this argument. Plaintiff is a start-up company with limited resources located in Ohio with all the executives and business records also located in Ohio. Further, due to the Eastern District of California's congested court docket, especially compared to the Northern District of Ohio, resolution of Plaintiff's claim will be unjustly delayed. See U.S. District Courts—Weighted and Unweighted Filings per Authorized Judgeship, Table X-1A, at 3, 4 (available at http://www.uscourts.gov/Statistics/JudicialBusiness/2013/us-district-courts.aspx).

//
//
//
//
//
//
//

Accordingly, the Court finds that retransferring this action to the Northern District of Ohio is necessary to prevent manifest injustice.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Retransfer.

IT IS SO ORDERED.

Dated: March 13, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8